## WHITE v. MAGOFFIN et al.   (No. 1949.)

(Court of Civil Appeals of Texas.   El Paso.
Dec. 30, 1926.   Rehearing Denied
Jan. 20, 1927.)

Brokers ⚖➡94—Agent's land contract, subject to owner's approval, was not binding, where his principal holding power of attorney from owners did not approve.

Where agent, in name of one holding power of attorney from other owners to sell, contracted for sale of land, subject to approval of owner and executed receipt for down payment in his principal's name, contract was not binding on her, where not approved by her.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Mrs. Ann Magoffin and others against James C. White.   Defendant reconvened for specific performance and in the alternative for damages for breach of contract. Instructed verdict was returned in favor of plaintiffs, and defendant appeals.   Affirmed.

Wallace, Knollenberg & Cameron, of El Paso, for appellant.

Jones, Hardie & Grambling, of El Paso, for appellees.

HIGGINS, J.   The appellees Mrs. Ann Magoffin and others, the owners of a tract of land in El Paso county, sued appellant, White, to remove cloud from title cast by the record of an earnest money receipt and contract of sale.   White reconvened for specific performance, and, in the alternative, for damages for breach of the contract.   An instructed verdict was returned in favor of plaintiffs.

Mrs. Magoffin lived in California.   She held power of attorney to sell from the other owners, and listed the land with Hugh T. Henry, a real estate agent in El Paso, to find a purchaser.   Henry found a prospective purchaser in White.   By telegrams and letters Mrs. Magoffin agreed to accept $3,000 for the land, part cash; the balance on time.   She did not know who the prospective purchaser was. Henry executed the receipt and contract in Mrs. Magoffin's name as her agent.   The terms of payment stipulated in the contract differed materially from those authorized by the previous correspondence, and contained other provisions not authorized by the correspondence. The contract stipulated that it was made subject to the approval of the owner.

The uncontradicted evidence discloses that Mrs. Magoffin never approved the contract executed by Henry.   In our opinion, no fact or circumstance was shown to impeach the plaintiff's evidence that it was never approved. She never saw the contract until shortly before the trial, and did not know its full provisions.   The agent, Henry, did not testify. We see no occasion to detail the direct and circumstantial evidence, all showing that Mrs. Magoffin never ratified the contract.

The contract upon its face shows that it was made subject to her approval, and there is, therefore, no issue presented of Henry having implied authority to make a binding contract of sale, or that plaintiffs are estopped to deny his authority because he was acting within the scope of his authority.   Had he undertaken to unconditionally bind his principal, the issue might have been in the case.   This he did not do, but made the contract subject to her approval.   She never having approved the same, it never became effective.

Affirmed.